IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CRIMINAL NO. 3:18-CR-46-011(CAR) |
| ASHLEY DAVIS | |

**ORDER ON MOTION FOR FSA TIME CREDITS AND MOTION FOR REDUCTION IN SENTENCE UNDER 18 U.S.C. § 3582(c)(1)(A) – COMPASSIONATE RELEASE**

On November 20, 2024, defendant Ashely Davis moved the Court for First Step Act (FSA) Time Credits after exhausting all administrative remedies requesting to receive FSA time credits. On March 10, 2025, Davis moved the Court for reconsideration, pursuant to 18 U.S.C. § 3742(e), based on post-sentencing rehabilitation programming. Davis's pro se motion for reconsideration citing the statute for review of a sentence by the court of appeals is liberally construed and taken into consideration as a motion for compassionate release, pursuant to 18 U.S.C. § 3182(c)(1)(A). For the following reasons, Davis's motion for FSA time credits (Doc. 454) is **DENIED** and her motion for reconsideration taken into consideration as a motion for compassionate release (Doc. 472) be **DENIED WITHOUT PREJUDICE.**

Records maintained by the Bureau of Prisons (BOP) reflect Defendant's security level is classified as Minimum. She has completed the non-residential drug abuse program. Additionally, Davis completed 581 hours of programming, including hours towards completion of her GED which she earned March 13, 2024. She has no disciplinary records. Presently, the defendant has prior credit time of 1,478 days and she has earned 300 FSA Time Credits.

Davis's successful participation in evidence-based recidivism reduction programs or other productive activities tied to her individualized risk and needs assessment earns FSA time credits. Davis received an individualized risk and needs assessment at her initial designation institution and thereafter was eligible to earn FSA time credits. Davis is ineligible to earn FSA time credits for programming prior to the date of her individualized risk and needs assessment.

The First Step Act of 2018 authorized prisoners to move directly for a sentence reduction in District Court. Before the Act, compassionate release was available only upon a motion from the Director of the Bureau of Prisons (BOP). However, the amended statute provides the defendant may move directly for a sentence reduction after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. Once a movant has established that he has fully exhausted his administrative rights, a Court may reduce a term of imprisonment if, after considering the 18 U.S.C. § 3553(a) factors, it finds compelling and extraordinary reasons warrant a reduction and that a reduction is consistent with the "applicable" policy statements. 18 U.S.C. § 3582(c)(1). The policy statements and accompanying application notes provide guidance on the grounds for compassionate release. USSG §1B1.13.

Following the recent amendments to the sentencing guidelines, which went into effect on November 1, 2023, there are now six extraordinary and compelling reasons justifying relief under USSG §1B1.13: (1) medical circumstances, (2) advanced age, (3) family circumstances, (4) whether the defendant is a victim of abuse, (5) 'other reasons,' and (6) whether the defendant received an usually long sentence. Davis has not shown any extraordinary and compelling reasons to justify relief. Davis argues her completion of 973 certificates during incarceration warrants a sentence reduction. She notes her conduct since her initial sentencing warrants a less severe criminal punishment. However, a defendant's rehabilitation is not, by itself, and extraordinary and compelling reason that may justify a sentence reduction. USSG §1B1.13(d). Further, Davis has failed to exhaust all administrative remedies for consideration of compassionate release as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of her request by the warder of the defendant's facility.

Accordingly, the Court finds Davis's motion untimely as she has failed to exhaust all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of her request by the warder of the defendant's facility. Further, the Court finds Davis has failed to provide extraordinary and compelling reason to warrant relief.

So ordered this **16** day of **June**, 2025.



_____
C. ASHLEY ROYAL
SENIOR U.S. DISTRICT JUDGE